IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| EMMANUEL WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 15 CV 9354 |
| | ) | |
| The CITY OF CHICAGO, Illinois, a municipal corporation, Chicago Police Officers JOHN D. O'KEEFE (#18418), JOHN E. WRIGLEY (#7179), JUSTIN M. HOMER (#10979), STEVEN L. HEFEL (#13074), MICHAEL R. LAURIE (#15108), MICHAEL W. SUING (#17006), and BRIAN J. KINNANE (#1120), | ) ) ) ) ) ) ) ) | Judge  Magistrate Judge |
| Defendants. | ) | |

## COMPLAINT

Plaintiff EMMANUEL WILLIAMS, through one of his attorneys, Torreya L. Hamilton, makes the following complaint against Defendants CITY OF CHICAGO ("Defendant CITY"), Chicago Police Officers JOHN D. O'KEEFE #18418, JOHN E. WRIGLEY #7179, JUSTIN M. HOMER #10979, STEVEN L. HEFEL #13074, MICHAEL R. LAURIE # 15108, MICHAEL W. SUING #17006, and BRIAN J. KINNANE #1120 ( "Defendant OFFICERS"):

### JURISDICTION AND VENUE

1. This is an action brought pursuant to 42 U.S.C. §1983 to address the deprivation, under color of law, of Plaintiff's rights under the United States Constitution and Illinois common and statutory law.

2. This Court has jurisdiction of this case pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

3. Venue is proper under 28 U.S.C. §§ 1391(b). All of the parties reside in this judicial district and the events pertaining to the claims made in this complaint occurred within this district.

**PARTIES**

4. Plaintiff EMMANUEL WILLIAMS is a 26-year-old resident of Chicago, Illinois.

5. At all relevant times, Defendant OFFICERS were Chicago police officers employed by Defendant CITY, acting under color of law and within the scope of their employment.

6. Defendant CITY is a municipal corporation, duly incorporated under the laws of the State of Illinois, and at the time of the incident in this case was the employer and principal of Defendant OFFICERS. Should Plaintiffs prevail on their claims, Defendant CITY is liable to Plaintiffs as the principal on Plaintiff's state law claims, and must indemnify Defendant OFFICERS on Plaintiff's federal claims pursuant to 735 ILCS 10/9-102.

**FACTS**

7. On November 18, 2013, at approximately 6:30 p.m., Plaintiff drove his car to 5800 S. Artesian to visit his girlfriend and their young son at their apartment.

8. As Plaintiff was returning to his car, Defendant OFFICERS pulled up in a Ford Impala.

9. Defendant OFFICERS approached and detained Plaintiff.

10. Defendant OFFICERS made Plaintiff lean forward on the hood of Plaintiff's car and handcuffed him.

11. Defendant OFFICERS searched Plaintiff's person.

12. Defendant OFFICERS searched Plaintiff's vehicle.

13. Defendant OFFICERS did not have Plaintiff's consent to search Plaintiff or his vehicle.

14. Defendant OFFICERS found nothing illegal on Plaintiff's person or in his vehicle.

15. For approximately 90 minutes, Defendant OFFICERS searched the surrounding area looking for illegal contraband, while they detained Plaintiff.

16. During their search, Defendant OFFICERS entered and searched the apartment building located at 2443 West 58th Street – the building adjacent to his girlfriend's apartment building.

17. Defendant OFFICERS kicked in multiple doors of the 2443 W. 58th Street apartment building to gain access to units inside that building.

18. Inside one of the apartments in the 2443 W. 58th Street building, Defendant OFFICERS found guns and drugs.

19. Defendant OFFICERS charged Plaintiff with ten felony criminal offenses for possession of the guns and drugs they found inside the apartment at 2443 W. 58th Street.

20. Defendant OFFICERS wrote false reports concerning the circumstances that led to Plaintiff's arrest and Defendant OFFICERS' recovery of the illegal contraband.

21. A neighbor's home video surveillance system recorded Plaintiff's arrest and detention.

22. The video evidence contradicted Defendant OFFICERS' allegations against Plaintiff.

23. Plaintiff retained a criminal defense attorney to represent him on the false charges Defendant OFFICERS placed against him.

24. Plaintiff was incarcerated for approximately fourteen (14) months as a result of the false charges Defendants placed against him.

25. Defendant OFFICERS provided false testimony at Plaintiff's criminal trial and then were impeached with the video evidence.

26. Plaintiff was acquitted of all criminal charges resulting from his November 18, 2013 arrest.

## COUNT I
(42 U.S.C. §1983, Unlawful Search and Seizure)

27. Each of the preceding paragraphs is incorporated as if fully restated here.

28. As more fully described above, Defendant OFFICERS detained and searched Plaintiff without a warrant, probable cause, or any other legal justification, in violation of the Fourth Amendment to the United States Constitution.

29. As a direct and proximate result of Defendant OFFICERS' unlawful search and seizure, Plaintiff suffered damages, which will be proven at trial.

**WHEREFORE**, Plaintiff prays for a judgment against Defendant OFFICERS in a fair and just amount sufficient to compensate him for him damages, plus a substantial sum in punitive damages, as well as court costs, attorney's fees, and such other relief as is just and equitable.

### COUNT II
(Illinois Common Law, Malicious Prosecution)

30. Each of the preceding paragraphs is incorporated as if fully restated here.

31. As described above, Defendant OFFICERS initiated criminal proceedings against Plaintiff and/or caused those proceedings to continue against him, without probable cause to do so.

32. With malice, willfulness, and/or reckless indifference to Plaintiff's rights, Defendant OFFICERS created false or inaccurate police reports and complaints, and/or made false statements to a prosecutor(s) regarding the circumstances of Plaintiff's arrest.

33. The criminal proceedings against Plaintiff were terminated in his favor, in a manner indicative of his innocence.

34. As a direct and proximate result of Defendant OFFICERS' malicious prosecution, Plaintiff has suffered damages, which will be proven at trial.

35. Illinois law provides that public entities, such as Defendant CITY, are liable for compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

36. At all relevant times, Defendant OFFICERS were agents of Defendant CITY, and employees of the Chicago Police Department acting within the scope of their employment. Defendant CITY, therefore, is liable as principal for the torts committed by its agents.

**WHEREFORE**, Plaintiffs prays for a judgment against Defendant OFFICERS and Defendant CITY in a fair and just amount sufficient to compensate Plaintiff for the damages he has suffered, as well as such other relief this Court deems just and equitable.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

4

Respectfully submitted,

EMMANUEL WILLIAMS, Plaintiff

By: /s Torreya L. Hamilton
    Attorney for Plaintiff

HAMILTON LAW OFFICE, LLC
53 West Jackson Blvd., Suite 452
Chicago, Illinois 60604
312.726.3173
tlh@thehamiltonlawoffice.com
Attorney No. 6229397